# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 18-CV-00375 (ARR) (RER)

---

Lucio Reyes Hernandez and Onis Mendez,

individually and on behalf of all other collective persons similarly situated,

Plaintiffs,

vs

Delta Deli Market Inc. (d/b/a Delta Deli Market), 1060 Flatbush Deli Market, Inc. (d/b/a Delta Deli Market), 1060 Flatbush Supermarket Corp. (d/b/a Delta Deli Market), Aziden M Almontesar, Mohamed S Hadi, Mohamed N Arohany, and Mohammad Hide,

Defendants.

---

**REPORT & RECOMMENDATION**
February 12, 2019

---

**to the Honorable Allyne R. Ross**
**United States Senior District Judge**

Ramon E. Reyes, Jr., U.S.M.J.:

Plaintiffs Lucio Reyes Hernandez ("Reyes") and Onis Mendez ("Mendez") (collectively, "Plaintiffs") commenced this collective action on January 18, 2018, to recover unpaid wages, overtime compensation and related damages under the

1

Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), NYLL §§ 190 and 650 *et seq.* (Docket Entry ("Dkt. No.") 1 ("Compl.") ¶ 12), against Delta Deli Market Inc. ("Delta Deli"), 1060 Flatbush Deli Market, Inc. ("Flatbush Deli Market"), 1060 Flatbush Supermarket Corp. ("Flatbush Supermarket") (collectively, "Corporate Defendants"), Aziden M. Almontesar ("Almontesar"), Mohammed S. Hadi ("Hadi"), Mohamed N. Arohany ("Arohany") and Mohammad Hide ("Hide") (collectively, "Individual Defendants"). Before the Court is Plaintiffs' motion for default judgment. For the reasons set forth herein, I respectfully recommend that the Court grant in part and deny in part Plaintiffs' motion for default judgment and dismiss the claims against the Individual Defendants, Flatbush Deli Market and Flatbush Supermarket.

## BACKGROUND

### I.   Factual Allegations

Where, as here, Defendants have defaulted, the Court must accept Plaintiffs' well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiffs' favor. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

Plaintiffs were employed as deli workers at 1060 Flatbush Avenue in Brooklyn, New York (the "Deli"). (Compl. ¶ 5). Plaintiff Reyes worked at the Deli from approximately December 2011 until January 1, 2018. (*Id.* ¶ 16). Plaintiff Mendez worked at the Deli from approximately September 6, 2016 until May 10, 2017. (*Id.*). From January 2012 until December 2015, Reyes worked over twelve hours a day (6:00 AM–6:20 PM), seven days a week, earning $600 per week. (Dkt. No. 20-10 ("Reyes Decl.") ¶¶ 7, 11).[1] From January to December 2016, Reyes worked almost eight hours a day (6:30 AM–2:20 PM), seven days a week, earning $550 per week. (*Id.* ¶¶ 8, 12). From January 2017 until January 1, 2018, Reyes worked almost eleven hours a day (6:30 AM–5:20 PM) on weekdays, and five hours a day (7:00 AM–12:00 PM) on weekends, earning a fixed salary of $700 per week. (*Id.* ¶¶ 9, 13). Mendez worked forty-seven hours a week from September 6, 2016 until approximately May 10, 2017, earning $300 per week. (Dkt. No. 20-11 ("Mendez Decl.") ¶¶ 59, 63, 65). Defendants did not pay Plaintiffs overtime or spread of hour compensation during these periods. (Reyes Decl. ¶¶ 14, 20; Mendez Decl. ¶17). Defendants failed to maintain accurate records of the hours Plaintiffs worked or provide Plaintiffs with wage statements. (Reyes Decl. ¶¶ 17–18; Mendez Decl. ¶¶ 15–16).

The Corporate Defendants were all New York corporations with a registered address at 1060 Flatbush Avenue, Brooklyn, New York 11226. (Compl. ¶¶ 19–21). These entities owned and operated the Deli under

---

[1] Discrepancies between the Complaint and Plaintiffs' Declarations as to hours worked and wages paid were resolved in favor of their Declarations, as such evidence goes to damages as well as liability.

the name "Delta Deli Market" at that address. (*Id*. ¶ 18). All Corporate Defendants, however, were dissolved prior to commencement of this action.[2]

Defendant Almontesar served as Chief Executive Officer of Delta Deli, and Principal Executive Officer of Flatbush Deli. Defendant Arohany served as Chief Executive Officer of Flatbush Deli. According to the Complaint, Almontesar, Arohany, Hadi and Hide all possessed operational control over Defendant Corporations, had an ownership interest in these entities, and controlled significant business functions. (Compl. ¶¶ 22–25). The Individual Defendants also determined wages and compensation, established work schedules, maintained employee records, and had the authority to hire and fire employees. (*Id*.).

## II.  Procedural History

Plaintiffs filed their Complaint on January 18, 2018. Plaintiffs' process server properly served the Corporate Defendants via the Secretary of State. (Dkt. Nos. 9–11). *See* N.Y. BUS. CORP. LAW § 1006(a)(4). Corporate Defendants failed to appear or answer. Plaintiffs' process server also served the Individual Defendants by leaving a copy of the Summons and Complaint with Ashraf Mohammed, who is noted on the affidavits of service as "authorized to accept service on behalf of" the Individual Defendants. (Dkt. Nos. 5–8). None of the Individual Defendants appeared or answered.

On April 11, 2018, the Clerk of the Court noted Defendants' default pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 16). On May 4, 2018, Plaintiffs filed a motion for default judgment. (Dkt. No. 18). On May 9, 2018, Your Honor referred Plaintiffs' motion to me for a report and recommendation on the issues of liability and damages. (ECF Order dated 5/9/18).

## DISCUSSION

### I.  Default Judgment Standards

Rule 55 imposes "a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, if a defendant fails to appear plaintiffs must request entry of default by the clerk of the court. *Id.* (citing Fed. R. Civ. P. 55(a)). Second, once default is entered,

---

[2] According to the New York State Department of State, Division of Corporations' website, last visited on February 1, 2019, Flatbush Supermarket was dissolved on October 10, 1996; Flatbush Deli Market was dissolved on July 28, 2010; and Delta Deli was dissolved on June 29, 2016. The Court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence that the website for the Division of Corporations of the New York Secretary of State indicates that these entities were dissolved on the dates listed. *See, e.g., Haru Holding Corp. v. Haru Hana Sushi, Inc.*, No. 13-CV-7705 (RWS), 2016 WL 1070849, at *2 (S.D.N.Y. Mar. 15, 2016) ("The Court takes judicial notice [pursuant to Fed. R. Evid. 201] of the public Entity Information provided by the New York State Department of State, Division of Corporations Corporate and Business Entity Database showing that [defendant corporation] is an inactive entity as of January 25, 2016.") (footnote omitted); *Boyce v. Cycle Spectrum, Inc.*, No. 14-CV-1163 (JBW) (MDG), 2015 WL 8273463, at *9 (E.D.N.Y. Dec. 8, 2015) ("The court takes judicial notice of the records of the New York Secretary of State."); *see generally Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (noting that the courts may take "judicial notice of relevant matters of public record").

plaintiffs may apply to the court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2). Upon completion of these two steps, the court must determine if the plaintiffs' well-pleaded facts establish the defendants' liability as a matter of law. *Gesualdi v. Ava Shypula Testing & Inspection, Inc.*, No. 13-CV-1873 (DRH) (GRB), 2014 WL 1399417, at *4 (E.D.N.Y. Apr. 10, 2014) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)). In so doing, the court "need not credit the plaintiff's legal conclusions." *Priestly*, 647 F.3d at 504. A default also does not establish conclusory factual allegations, nor does it excuse any defects in the plaintiff's pleading. *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 n.17 (2d Cir. 2015) (stating that a district court has "discretion to investigate the basis for a plaintiff's claims before deciding whether to enter a judgment by default").

If the complaint suffices to establish liability, the court must conduct an inquiry to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.1999) (quoting *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.1997)). Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing. *Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir.1991); *Credit Lyonnais,* 183 F.3d at 155. When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are presumed to be correct. *Chun Jie Yin v. Kim,* 2008 WL 906736, at *3 (E.D.N.Y. Apr. 1, 2008) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88 (1946); *Reich v. S. New England Telecomms. Corp.,* 121 F.3d 58, 66 (2d Cir.1997)).

## II.     Liability of Corporate Defendants

Plaintiffs seek to impose liability on three separate Corporate Defendants—Flatbush Deli Market, Flatbush Deli Supermarket and Delta Deli—under the joint employer and/or single employer doctrines. (Compl. ¶ 28 (Defendants "are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees."); ¶ 31 ("Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.")).

"[J]oint employment arises when the employee 'performs work which *simultaneously* benefits two or more employers' and 'one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee.'" *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-01593 (SJ) (RER), 2017 WL 4838820, at *4 (E.D.N.Y. Sept. 6, 2017) (citing *Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184 (S.D.N.Y. 2003)) (emphasis added). Courts determine if entities are joint employers based on the circumstances of the whole activity viewed in light of economic reality, and may consider any number of relevant factors. *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 68–73 (2d Cir. 2003) (citations and quotations omitted).

Under the "single integrated enterprise" or "single employer" doctrine, courts may treat a group of distinct but closely affiliated entities as a single employer for FLSA purposes. *See Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014).

4

"[S]eparate corporations under common ownership and management" are a common example of such a single integrated enterprise. *Perez v. Westchester Foreign Autos, Inc.*, No. 11-CV-6091 (ER), 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013); *see also Chuchuca v. Creative Customs Cabinets Inc.*, No. 13-CV-2506 (RLM), 2014 WL 6674582, at *6 (E.D.N.Y. Nov. 25, 2014) ("An employee may simultaneously have multiple 'employers' for the purposes of determining responsibility under the FLSA"); *Coley v. Vanguard Urban Improvement Assoc., Inc.*, No. 12-CV-5565 (PKC) (RER), 2016 WL 4179942, at *5 (E.D.N.Y. Aug. 5, 2016) (finding a single enterprise existed for purposes of FLSA liability where the entities had the same address and owners and shared income). In determining whether separate entities should be considered a single employer under this standard, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez*, 29 F. Supp. 3d at 367.

Even if Plaintiffs' factual allegations with respect to these two theories of liability were not wholly conclusory and sufficiently established all of the legal elements of the claims (Compl. ¶¶ 26–31), the Complaint only alleges a viable theory of liability against the entity Delta Deli, and only as to Plaintiff Reyes.

The entirety of Mendez's claims accrued from September 6, 2016, to May 10, 2017. (*Id.* ¶ 65). During this period all Corporate Defendants had been legally dissolved.[3] Mendez does not allege in the Complaint that despite these dissolutions the Corporate Defendants continued to operate as de facto corporations or otherwise operated such that the doctrines of joint or single employer apply. (*See id.* ¶¶ 58–73). Mendez also does not allege that the corporations that were predecessors of the active corporation that employed him, whatever its name, were alter egos.[4] Accordingly, none of these Corporate Defendants could have "employed" Mendez for purposes of the FLSA or NYLL, whether directly or as joint or single employers. Therefore, they cannot be held liable for actions that occurred subsequent to their legal dissolution. N.Y. BUS. CORP. LAW § 1006(b) ("The dissolution of a corporation shall not affect … any liability incurred *before* such dissolution…") (emphasis added); *Cf. J&J Sports Prods., Inc. v. James*, No. 17-CV-5359 (NGG) (ST), 2018 WL 3850731, at *4 (E.D.N.Y. July 25, 2018) (holding that because the dissolved defendant corporation was active at the time of the infringement, the defendant is subject to liability for any established violations). Because the

---

[3] The Court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, that Flatbush Supermarket was dissolved on October 10, 1996; Flatbush Deli was dissolved on July 28, 2010; and Delta Deli was dissolved on June 29, 2016. *See* https://www.dos.ny.gov/corps/bus_entity_search.html.

[4] Plaintiffs do allege that the Defendant Corporations were alter egos of the Individual Defendants (Compl. ¶ 32), but not alter egos of each other or other unnamed corporations. The alter ego doctrine, therefore, does not apply.

5

Complaint fails to name any other corporate defendant potentially liable for the violations Mendez suffered, I respectfully recommend that the motion for default judgment be denied as to Mendez, and all of Mendez's claims be dismissed without prejudice.[5]

Reyes similarly errs in alleging that Flatbush Supermarket and Flatbush Deli are liable for violations of the FLSA and the NYLL. These corporations did not employ Reyes as joint or single employers—they dissolved prior to his dates of employment and he has not sufficiently alleged how they could be liable for actions subsequent to their dissolution. Delta Deli, however, was an active corporation for a period of Reyes's employment. According to the Complaint, Delta Deli employed Reyes between December 2011 and June 29, 2016. (Compl. ¶¶ 38–40, 46). The corporation was active during this time and, due to the default, the Court accepts Reyes's allegations as true. The Court should hold Delta Deli liable for violations occurring between January 18, 2012, and June 28, 2016.[6] Therefore, I respectfully recommend that the Court dismiss Reyes's post-2016 claims without prejudice.[7]

### III. Liability of Individual Defendants

Reyes and Mendez also seek to hold the Individual Defendants liable for FLSA and NYLL violations during the relevant periods. For reasons related to the failure to properly allege liability against the Corporate Defendants, Plaintiffs' claims against the Individual Defendants also must be dismissed without prejudice.

As has already been established, Plaintiffs have not properly alleged that the doctrines of joint or single employer apply here, nor have they sufficiently alleged that, with the exception of Delta Deli's employment of Reyes, the Corporate Defendants are otherwise liable. In addition to these deficiencies, Plaintiffs have also failed to establish that service of process on *any* Individual Defendant, even those affiliated with Delta Deli, was proper, thereby depriving the Court of personal jurisdiction over the Individual Defendants.[8]

---

[5] The statute of limitations on Mendez's FLSA and NYLL claims has not expired. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988) (citing 29 U.S.C. § 255(a)); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114, 126 (citing NYLL § 663(3)). Accordingly, her claims should not be dismissed with prejudice.

[6] Reyes filed this action on January 18, 2018. (Dkt. No. 1). Accordingly, he is entitled to recover damages under the FLSA and NYLL for work he performed between January 18, 2012 and January 1, 2018. *See Lopez v. SQ Brooklyn, Inc.*, No. 17-CV-4191 (RJD) (LB), 2018 WL 6381495, at *4 (E.D.N.Y. Dec. 3, 2018) (citing NYLL § 663(3)).

[7] If sufficiently pleaded, Reyes may recover damages for work he performed between June 30, 2016, and January 1, 2018. *See* NYLL § 663(3).

[8] Plaintiffs properly effectuated service on the Corporate Defendants. The New York Business Corporation Law provides that "[a] dissolved corporation … may sue or be sued in all courts and participate in actions and proceedings, whether judicial administrative, arbitrative or otherwise, in its corporate name, and process may be served by or upon it." N.Y.B.C.L. § 1006(a)(4); *see also Ortiz v. Green Bull, Inc.*, No. 10-CV-3747 (ADS) (ETB), 2011 WL 5553834, at *3 (E.D.N.Y. Nov. 14, 2011). A dissolved

Absent sufficient allegations of personal jurisdiction, the Court cannot enter judgment against the Individual Defendants. *Mickalis Pawn Shop, LLC*, 645 F.3d at 133 ("Before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.") (internal quotation marks omitted).

The Federal Rules of Civil Procedure are clear; defendants must be served with process pursuant to Rule 4, which requires service conforming to Rule 4 requirements or the laws of the state where the district court sits. *See* Fed. R. Civ. P. 4(e). Here, Plaintiffs attempted service on the Individual Defendants at 1060 Flatbush Avenue, Brooklyn, New York, the location of Delta Deli, pursuant to the New York Civil Practice Law and Rules ("C.P.L.R."). C.P.L.R. Section 308(2) permits service on "a person of suitable age and discretion at the *actual place of business*, dwelling place or usual place of abode" of the individual defendant. (emphasis added). New York courts have construed an "actual place of business" of an individual to include places where that individual regularly transacts business, or establishments that the individual owns or operates. *See Velez v. Vassallo*, 203 F.Supp.2d. 312, 325 (S.D.N.Y. 2002) (finding that there must be a clear identification of the work a defendant performs within the place to execute proper service).

The problem with service here is that it occurred on February 23, 2018, when all of the Corporate Defendants had been dissolved.[9] Beyond conclusory allegations, Plaintiffs do not indicate that any of the Individual Defendants worked at 1060 Flatbush Avenue, the location of service, or had any other affiliation with that location or the unnamed corporate entity on the date service was purportedly effected. Plaintiffs also do not otherwise link the person served, Ashraf Mohammed, with any of the Individual or Corporate Defendants as of the date of service. Given the dearth of information before the Court, the Court cannot conclude that Plaintiffs properly served the Individual Defendants. Therefore, I respectfully recommend that the Court deny the motion for default judgment against the Individual Defendants and dismiss the claims against them without prejudice, pursuant to Fed. R. Civ. P. 4(m).

## IV.   Damages

Unlike liability, on a motion for default judgment the court need not accept a plaintiff's allegations relating to damages. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. It is the court's responsibility to establish that damages have an evidentiary

---

corporation is capable of being served by substituted service upon the Secretary of State. N.Y. BUS. CORP. LAW § 1006(a)(4); *see also Centennial Elevator Indus. Inc., v. Ninety-Five Madison Corp.*, 90 A.D.3d. 689, 690, 934 N.Y.S 2d. 483 (N.Y. App. Div. 2011). The process server served the Corporate Defendants via the Secretary of State on February 21, 2018. (Dkt. Nos. 9–11). Therefore, the Court has jurisdiction over the Corporate Defendants.

[9] Personal service upon an individual shall be made by "delivering the summons within the state . . . at the actual place of business, dwelling place or usual place of abode of the person to be served." C.P.L.R. § 308(2).

7

basis that can be "ascertained with reasonable certainty." *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012); *see* Fed. R. Civ. P. 55(b)(2); *Cardoza v. Mango King Famers Market Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *6 (E.D.N.Y. Sept. 1, 2015). Regardless of the evidence submitted, the plaintiff's recovery is limited to the amount and type pleaded in the Complaint. FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see also Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). Thus, a plaintiff's evidentiary submissions and amounts alleged in the complaint affect the court's independent damages analysis.

Reyes, the only remaining plaintiff, is entitled to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. Section 216 and NYLL Section § 198(1)(a). Since Reyes alleges minimum wage and overtime compensation violations under both the FLSA and NYLL, the statute of limitations will dictate which law provides damages.[10] Willful violations of the FLSA are governed by a three-year statute of limitations. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988) (citing 29 U.S.C. § 255(a)). A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited[.]" *Id*. at 133. Under the NYLL, the statute of limitations is six years regardless of willfulness. N.Y. LAB. LAW §§ 198(3). Plaintiffs filed their Complaint on January 18, 2018. (Dkt. No. 1). Because Reyes claims that Delta Deli, the only liable defendant, committed willful violations (Compl. ¶ 83), his FLSA claims accrue on January 18, 2015, and the NYLL will cover Reyes's claims for violations on and after January 18, 2012. Claims accruing prior to January 18, 2012 are time-barred by all applicable statutes.

A. Unpaid Compensation

An employee claiming damages for unpaid compensation bears the burden of proving he was not compensated for work performed. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 252. When an employer does not keep records of employees' wages and hours, as required by law,[11] a plaintiff's sworn declarations "containing information as to hours worked and rates of pay based on estimation and recollection," is considered a sufficient basis for the determination of damages, even if the information provided is general and not detailed. *Herrera v. Tri-State Kitchen and Bath, Inc.,* No. 14-CV-1695 (ARR) (MDG), 2015 WL 1529653, at *8 (E.D.N.Y. Mar. 31, 2015) (finding inquest hearing unnecessary where plaintiffs submitted sworn statements regarding their pay rates and hours worked); *see Santillan v.*

---

[10] Because both the FLSA and NYLL are compensatory in nature, "double recovery may result if damages are awarded for the same hours worked" under both statutes. *Cardoza*, 2015 WL 5561033, *6 (internal citations omitted).

[11] 29 U.S.C. § 211(c); *see also* N.Y. COMP. CODES R. & REGS. tit 12 § 142–2.6.

8

*Henao*, No. 10-CV-3128 (FB) (MDG), 822 F.Supp.2d 284, 293 (E.D.N.Y. Sept. 30, 2011).

Reyes submitted a declaration describing his approximate dates of employment, along with his average hours worked and wages paid per week. (Reyes Decl. ¶¶ 7–13). Plaintiff's attorney, Michael Faillace ("Faillace"), also submitted a memorandum of law in conjunction with the motion, including damage calculations for each claim. (Dkt. No. 13, Declaration of Michael Faillace ("Faillace Decl.") ¶ 15). Therefore, Reyes has met his burden.

1. Regular Rate

To calculate a plaintiff's minimum wage compensation, the court must determine plaintiff's regular hourly wage rate. *Santillan*, 822 F. Supp. 2d at 295. This rate is calculated by "dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.1.[12] Reyes submits in his sworn declaration that from January 2012 through December 2015, Delta Deli paid him a weekly fixed rate of $600 for 86.25 hours. (Reyes Decl. ¶ 7). Thus, Reyes's regular hourly rate for the aforementioned time period was $6.96 ($600/86.25 hours). From January through June 2016, Delta Deli paid Reyes $550 for 56 hours per week. Thus, Reyes's regular rate for this period was $9.82 ($550/56 hours).

2. Unpaid Minimum Wages

The federal minimum wage does not preempt the state minimum wage. 29 U.S.C. § 218(a). A plaintiff may recover under whichever statute provides the highest measure of damages. *Sajvin v. Singh Farm Corp.*, No. 17-CV-04032 (AMD) (RER), 2018 WL 4214335 at * 6 (E.D.N.Y Aug. 13, 2018) (internal citations omitted). Reyes was entitled to the following minimum wage rates under state and federal law: $7.25 from January 18, 2012 until December 30, 2013 ("Pay Period 1"); $8.00 from December 31, 2013 until December 30, 2014 ("Pay Period 2"); $8.75 from December 31, 2014 until December 30, 2015 ("Pay Period 3"); $9.00 from December 31, 2015 until June 28, 2016 ("Pay Period 4").

Applying Reyes's regular rates of $6.96 and $9.82 per hour demonstrates that Reyes was paid below the minimum wage rate for Pay Periods 1–3. During Pay Period 1, Reyes was paid $0.29 below the hourly minimum wage rate ($7.25 – $6.96). For this period, he is owed $2,551.28 under the FLSA ($0.29 X 86.25 hours per week X 102 weeks). In Pay Period 2, Reyes was paid $1.04 below the hourly minimum wage rate ($8.00 – $6.96), resulting in $4,664.40 in unpaid minimum wages ($1.04 X 86.25 hours X 52 weeks). In Pay Period 3, Reyes was paid $1.79 below the hourly minimum wage rate ($8.75 – $6.96). Plaintiff is therefore owed $8,028.15 in unpaid minimum wages ($1.79 X 86.25 hours X 52 weeks). During Pay Period 4, Reyes made more than the minimum wage rate, so he is not owed any money for this time period. Consequently, I respectfully recommend that Plaintiff be awarded a sum

---

[12] New York's Hospitality Wage Order regular rate of pay calculation does not apply, because Reyes's Declaration clarifies that he worked as a "clerk and general laborer." (Reyes Decl. ¶ 3). *See* 12 NYCRR § 146-3.1, §146-3.5(b).

9

of $15,243.83 in unpaid minimum wage compensation.

### 3. Unpaid Overtime

Overtime compensation under the FLSA is 1.5 times the regular rate of pay for each hour worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The NYLL incorporates and restates the FLSA's requirements, such that the analysis of overtime claims under the NYLL is generally the same as under the FLSA. *See* N.Y. COMP. CODES R. & REGS. tit. 12 § 142–2.2.

Here, Reyes sufficiently alleges that Delta Deli did not pay him overtime compensation for the 46.25 overtime hours he worked per week (86.25 hours – 40 hours). (Reyes Decl. ¶ 7). His overtime premium during Pay Period 1 should have been $3.63 ($7.25 / 2) per hour.[13] Thus, Reyes is entitled to $17,124.53 in overtime compensation for this time period (46.25 hours X $3.63 X 102 weeks). Reyes's overtime premium during Pay Period 2 should have been $4.00, thus entitling Reyes to $9,620.00 in overtime compensation (46.25 hours X $4.00 X 52 weeks). For Pay Period 3, Reyes should have made $4.38 extra per hour, resulting in $10,521.88 in unpaid overtime compensation for this Period (46.25 hours X $4.38 X 52 weeks). In Pay Period 4 Reyes's regular hourly rate exceeded the minimum wage rate, so he is entitled to one-half time his regular rate of pay for hours he worked in overtime, or $4.91 ($9.82/2). Reyes is owed, $2,018.99 in unpaid overtime compensation for Period 4 (16 hours X $4.91 X 25.7 weeks). In sum, I respectfully recommend that Plaintiff be awarded a total of $39,285.39 in unpaid overtime wages.

### 4. Spread-of-Hours Compensation

The NYLL's spread-of -hours provision requires employers to pay employees that work shifts of ten or more hours one additional hour of pay at the minimum statutory wage rate. N.Y. COMP. CODES R. & REGS. tit 12, § 142–2.4. Only employees making the minimum wage rate, or less, are eligible for spread-of-hours compensation. *Sosnowy v. A. Perri Farms, Inc.*, No. 10-CV-2829 (ADS) (WDW), 764 F. Supp. 2d 457, 473–74 (E.D.N.Y. 2011).

Reyes adequately states a claim for recovery of unpaid spread-of-hour damages.[14] From January 2012 through the end of 2015, Reyes worked over 12 hours per day, seven days a week. (Reyes Decl. ¶ 7). Therefore, he is entitled to recover one hour of extra pay per day at the prevailing minimum wages of $7.25 per day for 102 weeks; $8.00 per day for 52 weeks; and $8.75

---

[13] Because I recommend that Reyes should receive minimum wage compensation for Pay Periods 1–3, Reyes is only entitled to one-half time in unpaid overtime compensation for the overtime hours he worked (46.25 hours/week). *See Galicia v. 63-68 Diner Corp.*, No. 13-CV-03689 (PKC), 2015 WL 1469279, at *4 (E.D.N.Y. Mar. 30, 2015).

[14] Although Reyes's Complaint seeks spread of hours damages under 12 NYCRR § 146-1.6, instead of § 142-2.4, the calculation of damages under either section yields identical results. Additionally, Defendants had notice of the spread of hours claim against them. *Compare Galicia*, 2015 WL 1469279, at *4, *with Fermin v. Las Delicias Peruanas Restaurant, Inc.*, No. 14-CV-0559 (RRM) (VMS), 93 F.Supp.3d 19, 46 (E.D.N.Y. 2015).

per day for 52 weeks. Accordingly, Reyes is owed $5,176.50 in spread-of-hours compensation for Pay Period 1 (102 weeks X 7 days X $7.25); $2,912.00 in compensation for Pay Period 2 (52 weeks X 7 days X $8.00); and $3,185.00 in compensation for Pay Period 3 (52 weeks X 7 days X $8.75), totaling $11,273.50 in unpaid spread-of-hours compensation. 12 NYCRR § 142-2.4. During Pay Period 4, Reyes worked about 8 hours per day and was paid minimum wage (Reyes Decl. ¶ 8), which excludes him from spread-of-hours compensation. *Sosnowy*, 764 F.Supp.2d at 473–74.

### B. Wage Theft Prevention Act

The New York Wage Theft Prevention Act, effective April 9, 2011 and further amended on February 27, 2015, requires that every employer provide its employees with a written statement of wages each pay period. (Reyes Decl. ¶ 18).[15] Employees who do not receive this written statement may recover $250 per work day in statutory damages, up to a maximum of $5,000. N.Y. LAB. LAW § 198(1–d) (effective February 27, 2015).[16] Reyes alleges that he was never provided with the requisite wage statements. Accordingly, I respectfully recommend that Plaintiff be awarded $5,000 in damages for Defendants' violations of Section 195(3).

### C. Liquidated Damages

Reyes also seeks an award of liquidated damages under the FLSA and the NYLL. Both statutes provide for a liquidated damages award of 100% of actual damages. *See* 29 U.S.C. §216(b); N.Y. LAB. LAW §198(1–a). A plaintiff may not, however, recover liquidated damages under both the NYLL and the FLSA. *Chowdhury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59, 61 (2d Cir. 2016) (summary disposition) ("the NYLL and FLSA liquidated damages provisions are identical in all material respects, serve the same functions, and redress the same injuries….[W]e interpret the New York statute's provision for liquidated damages as satisfied by a similar award of liquidated damages under the federal statute."); *see also Sajvin*, 2018 WL 4214335, at *7; *Zhang v. Red Mountain Noodle House, Inc.*, No. 15-CV-628 (SJ) (RER), 2016 WL 4124304, at *4 (E.D.N.Y. July 5, 2016); *Charvac v. M&T Project Managers of New York, Inc.*, No. 12-CV-5637 (CBA) (RER), 2015 WL 5475531, at *6 (E.D.N.Y. June 17, 2015). Instead, courts

---

[15] The Wage Theft Prevention Act also requires employers to provide their employees a notice at the time of hiring that contains information on their rates of pay. N.Y. LAB. LAW § 195(1); *see Guaman v. Krill Contracting*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at **8–9 (E.D.N.Y. June 9, 2015). All employers must also obtain "a signed and dated written acknowledgement of receipt of this notice." *Id.* Failure to provide this notice can result in statutory penalties. N.Y. LAB. LAW § 198(1–b). Reyes, however, is not entitled to recover under Section 195(1) of the NYLL because he began working for Delta Deli before the Section's enactment. N.Y. LAB. LAW § 195(1) (eff. Apr. 9, 2011) (Reyes Decl. ¶ 4).

[16] Section 195(3) of the NYLL originally permitted employees to recover $100 per week in statutory damages, with a maximum recovery amount of $2,500. This Section was amended on February 27, 2015, to award $250 per workday, with a cap of $5,000 for violations of the provision. N.Y. LAB. LAW § 198(1–d).

11

should award liquidated damages under the statute that provides the greater recovery. N.Y. LAB. LAW § 198(1–a). The NYLL applies to Reyes's claims because the NYLL's statute of limitations enables him to recover liquidated damages for claims dating back to January 18, 2012.

An employee can recover liquidated damages equal to the amount owed for unpaid wages under the NYLL, unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. LAB. LAW § 198(1–a). Since Delta Deli failed to answer the Complaint or respond to this motion, the failure to pay Reyes is deemed willful. *See Herrera*, 2015 WL 1529653, at *12 (citing *Blue v. Finest Guard Services, Inc.*, No. 09-CV-133 (ARR) (CLP), 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010)). Reyes is therefore entitled to 100% of his damages for minimum wage ($15,243.83), overtime ($39,285.39), and spread-of-hour ($11,273.50) violations under the NYLL. N.Y. LAB. LAW § 198(1–a). Accordingly, I respectfully recommend that Plaintiff be awarded $65,802.72 in liquidated damages.[17]

D. Pre- and Post-Judgment Interest

Under the FLSA, pre-judgment interest is not available where liquidated damages have already been awarded. *Valdez v. H & S Rest. Operations, Inc.*, No. 14-CV-4701 (SLT) (MDG), 2016 WL 3079028, at *6 (E.D.N.Y. Mar. 29, 2016) *R & R adopted by* 2016 WL 3087053 (E.D.N.Y. May 27, 2016).

However, Plaintiff may recover both liquidated damages and pre-judgment interest under the NYLL. N.Y. LAB. LAW § 198 (1)(a); *see also Fermin*, 93 F. Supp. at 48. New York's pre-judgment interest rate is 9% per annum. C.P.L.R. § 5004. Courts usually select the median date between when the action was filed and the earliest date on which the cause of action existed. *Gunawan v. Sake Sushi Rest.*, No. 09-CV-5018 (JO), 897 F.Supp.2d 76, 93 (E.D.N.Y. 2012). As such, I recommend that Reyes be awarded pre-judgment interest on his claims at a rate of 9% per annum, to accrue from January 18, 2015, until entry of judgment.[18]

Reyes is also entitled to post-judgment interest pursuant to 28 U.S.C. Section 1961(a). Post-judgment interest rates are calculated "from the date of the entry of judgment at [the federal] rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of judgement." 28 U.S.C. § 1961(a). The Second Circuit has found that a post-judgment award, under Section 1961, is "mandatory." *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004). Accordingly, I respectfully recommend that Reyes be awarded post-judgment interest on all sums awarded, commencing once the Clerk of the Court enters judgment and continuing until the date of payment.

E. Attorneys' Fees

Reyes seeks reasonable attorneys' fees and costs, which he is entitled to recover

---

[17] Plaintiff is not entitled to liquidated damages for monies awarded under the Wage Theft Prevention Act. *See* N.Y. LAB. LAW § 198(1-d).

[18] Reyes is not entitled to pre-judgment interest on monies awarded under the Wage Theft Prevention Act. *See* N.Y. Lab. Law §§ 195(3).

under both the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1). In the Second Circuit, the prevailing party can recover a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This fee is calculated by multiplying the hours counsel reasonably spent on the litigation by a "reasonable hourly rate," which is based on the "prevailing [hourly rate] in the community . . . where the district court sits." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. Of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *E. Sav. Bank FSB v. Strez*, No. 11-CV-1543 (ENV) (LB), 2013 WL 6834806, at *4 (E.D.N.Y. Dec. 20, 2013).

1. Reasonable Hourly Rate

In order to determine the reasonable hourly rate in a community, courts examine the "prevailing [rates] … for similar services of lawyers of reasonably comparable skill, experience, and reputation" practicing in the area. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Simmons*, 575 F.3d at 170. Courts receive guidance from (1) rates awarded in prior cases; (2) their own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties. *See Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005). "[T]he nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184 n.2.

The party seeking reimbursement of attorneys' fees bears the burden of establishing that the hourly rates requested are reasonable. *See generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Contemporaneous time records that include "the date, the hours expended, and the nature of the work done" must accompany the party's request for attorney fee reimbursement to establish that the standard of reasonableness has been met. *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.*, No. 07-CV-2568 (JG) (SMG), 2012 WL 1414872, at *10 (E.D.N.Y. Jan. 20, 2012) (quoting *Carey*, 711 F.2d at 1148).

This action is relatively straightforward, especially because Delta Deli defaulted, and the Complaint demonstrates the minimal amount of effort counsel spent researching the facts of this case. *See Encalada v. Baybridge Enters. Ltd.*, No. 14-CV-3113 (BMC), 2014 WL 4374495, at *2 (E.D.N.Y. Sept. 2, 2014), *affirmed by* 612 F. App'x 54 (2d Cir. Sept. 9, 2015) (noting that "although [t]here are some, relatively few, FLSA cases that raise complex issues . . . the majority of cases . . . could hardly be simpler"). Reyes's counsel has submitted contemporaneous billing records for hours spent on the case, along with a declaration from counsel detailing counsel's qualifications. (*See* Dkt. No. 13). He seeks $400.00 per hour for Faillace, a managing member of Michael Faillace & Associates, P.C.; $350.00 per hour for Colin Mulholland ("Mulholland") and Paul Hershan ("Hershan"), both of whom are associates at the firm; and $100 per hour for a paralegal. (*See* Dkt. No. 20, Declaration of Michael Faillace ("Faillace Decl. 2") ¶ 15 Exh. L).

Faillace has been licensed to practice law since 1983. (*Id.* ¶ 15). Over the last several years, he has taught employment

13

discrimination as an adjunct professor and written books about employment law. (*Id.*). Mulholland graduated from law school in 2012, and has worked at the firm since May 2017. (*Id.*). Hershan also graduated law school in 2012 and has worked at the firm since April 2018. (*Id.*).

Recent decisions in this District have found that $300.00–$400.00 per hour is the reasonable range for partners in typical FLSA cases, and $100.00–$150.00 per hour is reasonable for junior associates.[19] *See, e.g.*, *Alvarez v. Sterling Portfolio Investment, LP*, No. 16-CV-5337 (CBA) (VMS), 2017 WL 8790990, at *8 (E.D.N.Y. Dec. 13, 2017) (collecting cases). Additionally, courts in the Eastern District have found that $90–$100 is a reasonable fee for paralegals. *See, e.g. Sands Harbor Marina Corp. v. Wells Fargo Insurance Services of Oregon, Inc.*, 09-CV-3855 (JS) (AYS), 2018 WL 1701944, at *5 (E.D.N.Y. Mar. 31, 2018) (collecting cases). In light of Faillace's experience, I respectfully recommend that the Court award Faillace the higher end of the reasonable rate for partners—$400. In light of the prevailing rates for junior associates in this district, and the relatively straightforward nature of this case, I respectfully recommend reducing Mulholland and Hershan's hourly rate to $150 per hour. *See, e.g.*, *Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 WL 386042, at *3 (E.D.N.Y. Feb. 1, 2016) (junior associates "generally command $100 to $150 per hour"). Additionally, the paralegal's rate of $100 is reasonable. *See Sands Harbor Marina Corp.*, 2018 WL 1701944, at *5.

2. Reasonable Hours Expended

The second component in calculating attorneys' fees is determining the reasonable number of hours expended on the litigation. Courts should "exclude excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Plaintiffs may support their claims for reasonable hours by submitting documentation detailing "the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1148.

Reyes's submissions establish the reasonableness of the 9.7 hours expended on his litigation. Reyes seeks 4.1 hours for Mr. Faillace, 1.1 hours for Mr. Mulholland, 3.5 hours for Mr. Hershan, and 1 hour for a paralegal's time. (Faillace Decl. Exh. L). (*Id.*). Accordingly, I respectfully recommend that Plaintiff be awarded $2,430.00 in attorneys' fees, consisting of $1,640.00 for Faillace's fees ($400 X 4.1 hours), $165 for Mulholland's fees ($150 X 1.1 hours), $525 for Hershan's fees ($150 X 3.5 hours), and $100 for the paralegal's fees ($100 X 1.0 hours).

3. Costs and Fees

Plaintiff also seeks to recover $1,189.60 in costs, consisting of $400 for the court filing fee, and $789.60 in service fees. "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Teamsters Local 814 Welfare*

---

[19] Faillace's Declaration does not specify Mulholland or Hershan's associate level within the firm. Since they recently started at the firm and there is no evidence to convince the Court otherwise, Mulholland and Hershan are considered "junior associates" for the purpose of figuring out their reasonable rate.

14

*Fund v. Dahill Moving & Storage Co.*, No. 07-CV-2005 (CPS), 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (citing *Tips Exports, Inc. v. Music Mahal, Inc.*, No. 01-CV-5412 (SJF) (VVP), 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007)). Plaintiff has submitted sufficient documentary evidence for these costs. (*See* Dkt. No. 20-12); *Tacuri v. Nithun Construction Co.*, No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *14 (E.D.N.Y. Feb. 24, 2015) (noting that a court can take judicial notice of the court's filing fee and award it without Plaintiffs having submitted supporting evidence). However, Delta Deli is only responsible for the cost of its own service, $197.60, and not the service on the other defendants. Therefore, I respectfully recommend that Reyes recover $597.60 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend the Court grant in part and deny in part Plaintiffs' motion for default judgment. The motion is granted as to Reyes's claims against Delta Deli for violations of the FLSA and the NYLL from January 18, 2012 through June 29, 2016. All other claims are dismissed without prejudice. Plaintiff Reyes is entitled to $136,605.44 in damages, consisting of $15,243.83 in unpaid minimum wages, $39,285.39 in unpaid overtime compensation, $11,273.50 in spread of hours compensation, $65,802.72 in liquidated damages, and $5,000 in statutory damages, plus pre- and post-judgment interest. Additionally, I recommend that the Court award Reyes attorneys' fees and costs in the amount of $3,027.60.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the clerk of the court and the Honorable Allyne R. Ross within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: February 12, 2019
Brooklyn, NY